**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

JUSTIN BLACKSHERE,

      Petitioner,                       Civil No. 2:10-CV-12555
                                          HONORABLE NANCY G. EDMUNDS
v.                                    UNITED STATES DISTRICT JUDGE

DUNCAN MACLAREN,

      Respondent.
_____/

**OPINION AND ORDER DENYING THE PETITION FOR WRIT OF HABEAS CORPUS**
**AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY OR LEAVE TO**
**APPEAL IN FORMA PAUPERIS**

      Justin Blackshere, ("Petitioner"), presently confined at the Chippewa Correctional

Facility in Kincheloe, Michigan, has filed a *pro se* petition for writ of habeas corpus pursuant

to 28 U.S.C. § 2254, in which he challenges his conviction for two counts of first-degree

murder, M.C.L.A. 750.316.   For the reasons that follow, the petition for writ of habeas

corpus is **DENIED**.

### I. Background

      Petitioner was convicted following a jury trial in the Wayne County Circuit Court.

This Court recites verbatim the relevant facts relied upon by the Michigan Court of Appeals,

which are presumed correct on habeas review pursuant to 28 U.S.C. § 2254(e)(1). *See*

*Wagner v. Smith,* 581 F.3d 410, 413 (6th Cir. 2009):

> Defendant's convictions arise from the January 2, 2007, stabbing deaths of
> Mark Barnard and Megan Soroka at Cheli's Chili Bar in Detroit, after which
> a robbery was staged and more than $8,000 was stolen from the restaurant's
> safes.

*People v. Blackshere,* No. 281463, 2009 WL 794745, * 1 (Mich.Ct.App. March 26, 2009).

Petitioner's conviction was affirmed on appeal, but remanded for modification of the judgment of sentence to reflect two first-degree murder convictions, each supported by two separate theories. *Id.; lv. den.* 484 Mich. 872, 769 N.W.2d 695 (2009).

Petitioner filed a habeas petition, which was held in abeyance on March 17, 2011, so that petitioner could return to the state courts to exhaust additional claims.

Petitioner filed a motion for relief from judgment, which was denied. *People v. Blackshere*, 07-006304-01 (Wayne County Circuit Court, December 14, 2010). The Michigan appellate courts denied petitioner leave to appeal. *People v. Blackshere,* No. 307703 (Mich.Ct.App. June 8, 2012) *lv. den.* 493 Mich. 891, 822 N.W.2d 234 (2012).

The case was subsequently reopened to the Court's docket and petitioner was permitted to file an amended habeas petition adding four additional claims.

Petitioner seeks a writ of habeas corpus on the following grounds contained within his original and amended petitions:

I. The trial court erred by providing (sic) jury with a non-standard instruction on disguised handwriting.

II. The trial court abused its discretion by allowing the prosecutor to introduce graphic and gruesome photos. Whether multiple sentences for felony murder and first degree murder violate double jeopardy.

III. The trial court denied petitioner a fair trial when it erroneously ruled that illegally obtained evidence should not be suppressed because it inevitably would have been discovered.

IV. Petitioner was denied the constitutional right to the effective assistance of counsel where counsel failed to request a handwriting expert, failed to investigate the circumstances surrounding the search. Consequently, he failed to present evidence that would demonstrate both that petitioner had standing to challenge the search and that any alleged consent obtained for

2

the search was given by one acting as an agent.

V.  Petitioner was deprived of due process by counsel's failure to raise the issues below which resulted in a deprivation of petitioner's constitutional right to appeal, and to the effective assistance of counsel on appeal.

VI. Where defense counsel had petitioner relinquish his insanity defense his original attorney was prepared to submit counsel denied petitioner a viable defense to the charges of double homicide and petitioner should be granted a new trial based on ineffective assistance of counsel.

## II.  Standard of Review

28 U.S.C. § 2254(d), as amended by The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), imposes the following standard of review for habeas cases:

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–

(1)      resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
(2)      resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

A decision of a state court is "contrary to" clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decides a case differently than the Supreme Court has on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000).  An "unreasonable application" occurs when "a state court decision unreasonably applies the law of [the Supreme Court] to the facts of a prisoner's case." *Id.* at 409.  A federal habeas court may not "issue the writ simply because that court concludes in its independent

judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id.* at 410-11. "[A] state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, 562 U.S. 86, 101 (2011)(citing *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). Therefore, in order to obtain habeas relief in federal court, a state prisoner is required to show that the state court's rejection of his claim "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.* at 103.

## III.  Discussion

### A.  Claim # 1.  The jury instruction claim.

Petitioner first contends that the trial court erred by providing the jury with a non-standard instruction on disguised handwriting.

The burden of demonstrating that an erroneous instruction was so prejudicial that it will support a collateral attack upon the constitutional validity of a state court conviction is even greater than the showing required in a direct appeal. The question in such a collateral proceeding is whether the ailing instruction so infected the entire trial that the resulting conviction violates due process, not merely whether the instruction is undesirable, erroneous, or even "universally condemned," and an omission or incomplete instruction is less likely to be prejudicial than a misstatement of the law. *Henderson v. Kibbee*, 431 U.S. 145, 154-155 (1977). The challenged instruction must not be judged in isolation but must be considered in the context of the entire jury charge. *Jones v. United*

4

*States*, 527 U.S. 373, 391 (1999).  Further, any ambiguity, inconsistency or deficiency in a jury instruction does not by itself necessarily constitute a due process violation. *Waddington v. Sarausad*, 555 U.S. 179, 190 (2009).  It is not enough that there might be some "slight possibility" that the jury misapplied the instruction. *Id.* at 191.  Federal habeas courts do not grant relief, as might a state appellate court, simply because a jury instruction may have been deficient in comparison to a model state instruction. *Estelle v. McGuire*, 502 U.S. 62, 72 (1991).

Petitioner argues that the instruction lessened the prosecutor's burden of proof because the trial court judge allowed the jury to infer consciousness of guilt, on the part of petitioner, if the jury found that petitioner attempted to disguise his handwriting, without instructing the jury that there could be innocent reasons for the act.

The United States Court of Appeals for the Sixth Circuit has explained that,

> [t]he Due Process Clause of the Fourteenth Amendment requires a state to prove beyond a reasonable doubt every fact necessary to constitute the offense charged. *See In re Winship*, 397 U.S. 358, 364 (1970).  A trial court may not give a jury charge which shifts to the defendant the burden of proving a critical fact in dispute, *see Mullaney v. Wilbur*, 421 U.S. 684, 701 (1975), nor may a court instruct a jury that proof of the existence of certain facts automatically establishes the element of intent where intent is an element of the charged offense. *Sandstrom v. Montana*, 442 U.S. 510, 523-24 (1979).

*Warner v. Zent*, 997 F. 2d 116, 133 (6th Cir. 1993).

The Michigan Court of Appeals rejected petitioner's argument finding:

> The instruction was permissive.  It stated that the jury could infer consciousness of guilt if it found that defendant attempted to disguise his handwriting, but it did not require that the jury do so.  The instruction also provided that a finding of an attempt to disguise his handwriting could be used to determine either defendant's guilt "or innocence."  Viewed in conjunction with the trial court's other instructions, which properly instructed the jury on the burden of proof, the disguised handwriting instruction did not

5

lessen the prosecution's burden of proof or deprive defendant of his theory of defense. The jury was instructed that it had to find each element of the offenses beyond a reasonable doubt, and that the weighing of the evidence was solely within its province. Although defendant contends that the jury should have been instructed that there could be "innocent reasons" for disguising handwriting, the absence of this language did not alter the substance of the instruction. Further, defendant never proffered an innocent reason for his disguised handwriting.

*People v. Blackshere*, No. 281463, * 2.

The jury instruction pertaining to petitioner's handwriting sample did not shift the burden of proof, as alleged by petitioner. Petitioner claims that "after the instruction, that they 'did not need to consider any other evidence or elements' to convict of murder, if they found that Mr. Blackshere pretended to be left-handed, because he would be guilty." (Habeas Brief, pp. 18-19). The Michigan Court of Appeals clearly articulated that "[t]he jury was instructed that it had to find each element of the offenses beyond a reasonable doubt, and that the weighing of the evidence was solely within its province." *Backshere*, *supra*., * 2. The language "you may infer" is unambiguously permissive language, and permissive inferences, as opposed to mandatory inferences, are not unconstitutional. *See Coe v. Bell*, 161 F.3d 320, 331-32 (6th Cir. 1998). "A permissive presumption places no burden on the defendant but permits the jury to 'infer the elemental fact from proof by the prosecutor of the basic one.'" *Miskel v. Karnes*, 397 F.3d 446, 455-56 (6th Cir. 2005) (quoting *County of Ulster v. Allen*, 442 U.S. 140, 157 (1979)). The instruction did not require the jury to presume that petitioner was guilty based on a finding that petitioner attempted to disguise his handwriting. Therefore, the instruction did not shift the burden of proof to petitioner or violate his due process rights. Petitioner is not entitled to habeas relief on his first claim.

6

**B.  Claim # 2.  Inadmissible evidence.**

Petitioner's second claim alleges that the trial court abused its discretion by allowing into evidence multiple graphic and gruesome photos which were unduly prejudicial.

It is "not the province of a federal habeas court to reexamine state-court determinations on state-court questions." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). A federal court is limited in federal habeas review to deciding whether a state court conviction violates the Constitution, laws, or treaties of the United States. *Id.* Thus, errors in the application of state law, especially rulings regarding the admissibility of evidence, are usually not questioned by a federal habeas court. *Seymour v. Walker*, 224 F. 3d 542, 552 (6th Cir. 2000); *See also Stephenson v. Renico*, 280 F. Supp. 2d 661, 666 (E.D. Mich. 2003).

Petitioner's claim that the trial court admitted photographs of the murder victims fails to state a claim upon which habeas relief can be granted. *See e.g. Franklin v. Bradshaw*, 695 F. 3d 439, 456-57 (6th Cir. 2012); *Cooey v. Coyle*, 289 F. 3d 882, 893-94 (6th Cir. 2002).  Petitioner is not entitled to habeas relief on his second claim.

**C.  Claims ## 3-6.  The procedurally defaulted claims.**

Respondent contends that petitioner's remaining claims are procedurally defaulted for various reasons.

When the state courts clearly and expressly rely on a valid state procedural bar, federal habeas review is also barred unless petitioner can demonstrate "cause" for the default and actual prejudice as a result of the alleged constitutional violation, or can demonstrate that failure to consider the claim will result in a "fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750-51 (1991).  If a petitioner fails to show

7

cause for his procedural default, it is unnecessary for the court to reach the prejudice issue. *Smith v. Murray*, 477 U.S. 527, 533 (1986). However, in an extraordinary case, where a constitutional error has probably resulted in the conviction of one who is actually innocent, a federal court may consider the constitutional claims presented even in the absence of a showing of cause for procedural default. *Murray v. Carrier*, 477 U.S. 478, 479-80 (1986). However, to be credible, such a claim of innocence requires a petitioner to support the allegations of constitutional error with new reliable evidence that was not presented at trial. *Schlup v. Delo*, 513 U.S. 298, 324 (1995). "'[A]ctual innocence' means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 624 (1998).

Respondent contends that petitioner's third, fourth and fifth claims are procedurally defaulted because petitioner raised his third, fourth, and fifth claims for the first time in his post-conviction motion and that he failed to show cause and prejudice for failing to raise these claims in his appeal of right, as required by M.C.R. 6.508(D)(3).

Michigan Court Rule 6.508(D)(3) provides that a court may not grant relief to a defendant if the motion for relief from judgment alleges grounds for relief which could have been raised on direct appeal, absent a showing of good cause for the failure to raise such grounds previously and actual prejudice resulting therefrom. For purposes of a conviction following a trial, "actual prejudice" means that "but for the alleged error, the defendant would have had a reasonably likely chance of acquittal." M.C.R. 6.508(D)(3)(b)(I).

The Supreme Court has noted that "a procedural default does not bar consideration of a federal claim on either direct or habeas review unless the last state court rendering a judgment in the case 'clearly and expressly' states that its judgment rests on the

8

procedural bar." *Harris v. Reed*, 489 U.S. 255, 263 (1989).  If the last state court judgment contains no reasoning, but simply affirms the conviction in a standard order, the federal habeas court must look to the last reasoned state court judgment rejecting the federal claim and apply a presumption that later unexplained orders upholding the judgment or rejecting the same claim rested upon the same ground. *Ylst v. Nunnemaker*, 501 U.S. 797, 803 (1991).

The Michigan Court of Appeals and the Michigan Supreme Court rejected petitioner's post-conviction appeal on the ground that "the defendant has failed to meet the burden of establishing entitlement to relief under MCR 6.508(D)."  These orders, however, did not refer to subsection (D)(3) nor did they mention petitioner's failure to raise his claim on his direct appeal as their rationale for rejecting his post-conviction claim. Because the form orders in this case citing Rule 6.508(D) are ambiguous as to whether they refer to procedural default or a denial of post-conviction relief on the merits, the orders are unexplained. *See Guilmette v. Howes*, 624 F. 3d 286, 291 (6th Cir. 2010).  This Court must "therefore look to the last reasoned state court opinion to determine the basis for the state court's rejection" of petitioner's claims. *Id.*

The Wayne County Circuit Court judge rejected petitioner's post-conviction claims on the ground that petitioner failed to establish good cause or actual prejudice for not raising these claims on his direct appeal, as required by M.C.R. 6.508(D)(3). *People v. Blackshere*, No. 07-6304-01, * 5, (Wayne County Circuit Court, December 14, 2010).

Because the trial court judge denied petitioner post-conviction relief based on the procedural grounds stated in M.C.R. 6.508(D)(3), petitioner's third and fourth claims are clearly procedurally defaulted pursuant to M.C.R. 6.508(D)(3). *See Ivory v. Jackson,* 509

9

F. 3d 284, 292-93 (6th Cir. 2007); *See also Howard v. Bouchard,* 405 F. 3d 459, 477 (6th Cir. 2005).  The fact that the trial judge may have also discussed the merits of petitioner's claims in addition to invoking the provisions of M.C.R. 6.508(D)(3) to reject petitioner's claims does not alter this analysis. *See Alvarez v. Straub,* 64 F. Supp. 2d 686, 695 (E.D. Mich. 1999).  A federal court need not reach the merits of a habeas petition where the last state court opinion clearly and expressly rested upon procedural default as an alternative ground, even though it also expressed views on the merits. *McBee v. Abramajtys*, 929 F. 2d 264, 267 (6th Cir. 1991).  Petitioner's third and fourth claims are procedurally defaulted. [1]

Petitioner's fifth claim alleges that appellate counsel was ineffective for failing to raise certain issues on his appeal of right.  Petitioner, however, has not shown that appellate counsel was ineffective.

It is well-established that a criminal defendant does not have a constitutional right to have appellate counsel raise every non-frivolous issue on appeal. *See Jones v. Barnes*, 463 U.S. 745, 751 (1983).  The United States Supreme Court has explained:

> For judges to second-guess reasonable professional judgments and impose on appointed counsel a duty to raise every 'colorable' claim suggested by a client would disserve the ... goal of vigorous and effective advocacy.... Nothing in the Constitution or our interpretation of that document requires such a standard.

*Id.* at 463 U.S. at 754.

The Supreme Court has subsequently noted that:

---

[1]  Petitioner could not have procedurally defaulted his ineffective assistance of appellate counsel claim, because state post-conviction review was the first opportunity that he had to raise this claim. *See Guilmette*, 624 F. 3d at 291.  However, for the reasons stated below, petitioner is not entitled to habeas relief on this claim.

> Notwithstanding Barnes, it is still possible to bring a *Strickland*[2] claim based on [appellate] counsel's failure to raise a particular claim [on appeal], but it is difficult to demonstrate that counsel was incompetent.

*Smith v. Robbins*, 528 U.S. 259, 288 (2000).

Strategic and tactical choices regarding which issues to pursue on appeal are "properly left to the sound professional judgment of counsel." *United States v. Perry*, 908 F.2d 56, 59 (6th Cir. 1990). In fact, "the hallmark of effective appellate advocacy" is the "process of 'winnowing out weaker arguments on appeal and focusing on' those more likely to prevail." *Smith v. Murray*, 477 U.S. at 536 (quoting *Barnes*, 463 U.S. at 751-52). "Generally, only when ignored issues are clearly stronger than those presented will the presumption of effective assistance of appellate counsel be overcome." *Monzo v. Edwards*, 281 F. 3d 568, 579 (6th Cir. 2002). Appellate counsel may deliver deficient performance and prejudice a defendant by omitting a "dead-bang winner," which is defined as an issue which was obvious from the trial record and would have resulted in a reversal on appeal. *See Meade v. Lavigne*, 265 F. Supp. 2d 849, 870 (E.D. Mich. 2003).

Petitioner has failed to show that appellate counsel's performance fell outside the wide range of professionally competent assistance by failing to raise his third and fourth claims on petitioner's appeal of right. Petitioner was represented on direct appeal by an attorney from the State Appellate Defender's Office. Appellate counsel filed a forty seven page appellate brief which raised three claims, including the first two claims that petitioner raises in his current petition. [3] Moreover, for the reasons stated by the Wayne County Circuit

---

[2] *Strickland v. Washington,* 466 U.S. 668 (1984).

[3] *See* Defendant-Appellant's Brief on Appeal. [This Court's Docket Entry # 7-15].

11

Court judge in rejecting petitioner's third and fourth claims and by the Assistant Michigan Attorney General in his answer to the petition for writ of habeas corpus, petitioner's third and fourth claims were not "dead bang winners," thus, petitioner has failed to establish cause for his procedural default of failing to raise his claims on direct review. *See McMeans v. Brigano*, 228 F. 3d 674, 682-83 (6th Cir. 2000).

Moreover, because petitioner's third and fourth claims lack merit, this Court must reject any independent ineffective assistance of appellate counsel claim raised by petitioner. "[A]ppellate counsel cannot be found to be ineffective for 'failure to raise an issue that lacks merit.'" *Shaneberger v. Jones*, 615 F. 3d 448, 452 (6th Cir. 2010)(quoting *Greer v. Mitchell*, 264 F.3d 663, 676 (6th Cir. 2001)).

Respondent contends that petitioner's sixth claim involving trial counsel's alleged ineffectiveness in failing to pursue an insanity defense is procedurally defaulted because petitioner failed to properly exhaust this claim with the state courts and no longer has an available remedy with which to do so.

Petitioner did not raise this claim on his direct appeal. In his *pro per* motion for relief from judgment that he filed with the Wayne County Circuit Court, petitioner raised several ineffective assistance of trial and appellate counsel claims but did not raise this particular ineffective assistance of trial counsel claim.[4] Petitioner only raised this particular ineffective assistance of counsel claim for the first time in his post-conviction appeal before the Michigan Court of Appeals.

As a general rule, a state prisoner seeking federal habeas relief must first exhaust

---

[4] See Motion for Relief From Judgment. [Dkt. # 17-5].

his or her available state court remedies before raising a claim in federal court. 28 U.S.C. § 2254(b) and (c); *Picard v. Connor*, 404 U. S. 270, 275-78 (1971).  A petition for a writ of habeas corpus filed by a state prisoner shall not be granted unless the petitioner has exhausted his or her available state court remedies, there is an absence of available state corrective process, or circumstances exist that render such process ineffective to protect the petitioner's rights. *See Turner v. Bagley,* 401 F. 3d 718, 724 (6th Cir. 2005).

In order to properly exhaust a claim on state post-conviction review, a habeas petitioner is required to present that claim in his or her post-conviction motion before the state trial court and in his or her post-conviction appeal to the state's appellate courts. *See Smith v. Gaetz,* 565 F.3d 346, 352 (7th Cir. 2009).

A number of cases have suggested that a habeas petitioner's failure to present an issue before a state trial court in a motion for post-conviction relief precludes a finding that the issue has been exhausted for purposes of habeas review, even if that issue is later presented on appeal to the state's appellate courts from the denial of the post-conviction motion. *See Lindquist v. Gardner*, 770 F. 2d 876, 878 (9th Cir. 1985)(Idaho prisoner did not exhaust his state remedies by presenting his claim to the Idaho Supreme Court in an original habeas proceeding, where prisoner had a post-conviction remedy under the Uniform Post-Conviction Procedure Act which he should have pursued in the court in which he was convicted and sentenced); *Drake v. Wyrick*, 640 F. 2d 912, 916 (8th Cir. 1981)(petitioner failed to exhaust claim, where he did not assert claim in his post-conviction motion, raising it for the first time on the appeal of the denial of his post-conviction motion); *See also Lesure v. Atchison,* 891 F. Supp. 2d 920, 925-26 (N.D. Ill. 2012); *Middlebrook v. Carroll,* 470 F. Supp. 2d 411, 420 (D. Del. 2007); *Geraci v.*

13

*Senkowski*, 23 F. Supp. 2d 246, 265-266 (E.D.N.Y. 1998).

Numerous judges in this district have held that a habeas petitioner's claims were not properly exhausted when they were not presented in the petitioner's post-conviction motion for relief from judgment before the trial court and were raised only for the first time in the application for leave to appeal to the Michigan Court of Appeals. *See Ceasar v. Warren,* No. 06–CV–15294, 2009 WL 1543327, * 4 (E.D. Mich. June 2, 2009)*; West v. Jones*, No. 06–CV–12057, 2008 WL 1902063, * 11–12 (E.D. Mich. April 29, 2008); *Dorch v. Smith*, No. 01–CV–71206–DT, 2002 WL 32598987, * 19 (E.D. Mich. Sept.11, 2002); *aff'd* 105 Fed. Appx. 650 (6th Cir. 2004); *Kincade v. Stegall,* No. 99–CV–76350–DT; 2001 WL 279751, * 5 (E.D. Mich. Jan. 23, 2001).

Petitioner's ineffective assistance of trial counsel claim involving counsel's failure to raise an insanity defense is unexhausted, because he failed to present it in his motion for relief from judgment with the trial court.  Although petitioner raised other ineffective assistance of counsel claims in his motion for relief from judgment, petitioner never raised a specific claim before the trial court that trial counsel had been ineffective for failing to raise an insanity defense.  For purposes of federal habeas review, exhaustion requires that a claim raised in a habeas petition must be presented to the state courts under the same theory in which it is later presented in federal court. *Williams v. Bagley,* 380 F. 3d 932, 969 (6th Cir. 2004).  A claim may be considered "fairly presented" only if the petitioner asserted both the factual and legal basis for his or her claim in the state courts. *See Hicks v. Straub,* 377 F. 3d 538, 552 (6th Cir. 2004).

A habeas petitioner is required to present to the state courts "the same specific claims of ineffective assistance [of counsel] made out in the habeas petition." *Wyldes v.*

*Hundley,* 69 F. 3d 247, 253 (8th Cir. 1995)(*quoting Tippitt v. Lockhart,* 903 F. 2d 552, 554 (8th Cir. 1990).  Because petitioner's claim involving counsel's failure to present an insanity defense is different than the ineffective assistance of counsel claims presented in his post-conviction motion, this claim has not been fairly presented to the state courts. *See Caver v. Straub,* 349 F. 3d 340, 346-47 (6th Cir. 2003)(*citing to Pillette v. Foltz,* 824 F. 2d 494, 497 (6th Cir. 1987)); *See also Brandon v. Stone,* 226 Fed.Appx. 458, 459 (6th Cir. 2007).

Unfortunately, petitioner no longer has any available state court remedies with which to exhaust this claim.  Under M.C.R. 6.502(G)(1), a criminal defendant in Michigan is only permitted to file one post-conviction motion for relief from judgment. *See Gadomski v. Renico,* 258 Fed. Appx. 781, 783 (6th Cir. 2007); *Hudson v. Martin,* 68 F. Supp. 2d 798, 800 (E.D. Mich. 1999).  Petitioner has no remaining state court remedies with which to exhaust his claim.  If a prisoner fails to present his claims to the state courts and he is now barred from pursuing relief there, his petition should not be dismissed for lack of exhaustion because there are simply no remedies available for him to exhaust.  However, the prisoner will not be allowed to present claims never before presented in the state courts unless he can show cause to excuse his failure to present the claims in the state courts and actual prejudice to his defense at trial or on appeal. *Hannah v. Conley*, 49 F.3d 1193, 1195-96 (6th Cir. 1995).  A claim of actual innocence will excuse this "cause and prejudice" requirement. *Id.* at 1196, n. 3.

Petitioner has failed to establish cause to excuse his default.  While ineffective assistance of appellate counsel might excuse petitioner's failure to raise this claim on his direct appeal, it does not excuse petitioner's own failure to correctly exhaust this claim in

15

his post-conviction motion for relief from judgment. *See Gadomski v. Renico*, 258 Fed. Appx. at 784.

Petitioner has failed to allege any reasons to excuse his various procedural defaults. Because petitioner has not alleged or demonstrated any cause for his procedural defaults, it is unnecessary to reach the prejudice issue regarding his defaulted claims. *Smith*, 477 U.S. at 533; *See also Malcum v. Burt*, 276 F. Supp. 2d 664, 677 (E.D. Mich. 2003). Additionally, petitioner has not presented any new reliable evidence to support any assertion of innocence which would allow this Court to consider petitioner's remaining claims as grounds for a writ of habeas corpus in spite of the procedural default. Because petitioner has not presented any new reliable evidence that he is innocent of these crimes, a miscarriage of justice will not occur if the Court declined to review petitioner's procedurally defaulted claims on the merits. *Id.*

Petitioner is not entitled to habeas relief on his defaulted claims.

## IV. Conclusion

The Court will deny the petition for writ of habeas corpus. The Court will also deny a certificate of appealability to petitioner. In order to obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). When a district court rejects a habeas petitioner's constitutional claims on the merits, the

16

petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims to be debatable or wrong. *Id.* at 484. Likewise, when a district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claims, a certificate of appealability should issue, and an appeal of the district court's order may be taken, if the petitioner shows that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and debatable as to whether the district court was correct in its procedural ruling. *Id.* "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254; *See also Strayhorn v. Booker,* 718 F. Supp. 2d 846, 875 (E.D. Mich. 2010).

For the reasons stated in this opinion, the Court will deny petitioner a certificate of appealability because he has failed to make a substantial showing of the denial of a federal constitutional right with respect to any of the claims. *Dell v. Straub,* 194 F. Supp. 2d 629, 659 (E.D. Mich. 2002). The Court will also deny petitioner leave to appeal *in forma pauperis,* because the appeal would be frivolous. *Id.*

## V. <u>ORDER</u>

Based upon the foregoing, IT IS ORDERED that the petition for a writ of habeas corpus is **DENIED WITH PREJUDICE.**

IT IS FURTHER ORDERED That a certificate of appealability is **DENIED.**

IT IS FURTHER ORDERED that Petitioner will be **DENIED** leave to appeal *in forma pauperis.*

s/ Nancy G. Edmunds

17

**HON. NANCY G. EDMUNDS**
UNITED STATES DISTRICT COURT

DATED:<u>June 25, 2015</u>